UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KELLY BENHAM, SR.                                          CIVIL ACTION

VERSUS                                                     NO. 08-3774

CANADIAN NATIONAL RAILWAY COMPANY,                         SECTION "C" (1)
 ET AL

ORDER AND REASONS

IT IS ORDERED that the motions for summary judgment filed by Illinois Central Railroad Company ("Illinois Central") and Hunt Forest Products, Inc. ("Hunt") are DENIED. (Rec. Docs. 29, 44). The motions challenge the timeliness of the plaintiff's recently-filed complaint which, on the face of the pleadings, was filed more than one year after the plaintiff's alleged accident on August 14, 2006, contrary to La. Civ. Code art. 3542. The plaintiff initially responded that he filed a workers compensation against his employer for benefits under the Longshore and Harbor Workers Compensation Act ("LHWCA") on July 25, 2007, which served to interrupt prescription against the alleged third-party torfeasors movers under *Williams v. Sewerage & Water Bd. Of New Orleans*, 611 So.2d 1383 (La. 1993), and that prescription remains interrupted since the claim is still pending under *Cormier v. Clemco Services Corp.*, 48 F.3d 179 (5th Cir. 1995) and *Billizon v. Conoco, Inc.*, 864 F.Supp. 571 (E.D.La. 1994). Illinois Central replies that the

plaintiff erroneously filed the workers compensation claim for federal benefits under the LHWCA instead of filing for Louisiana state benefits, and because the claim was filed with the wrong office, interruption did not occur. Illinois Central also challenges the authenticity of the documents submitted by the plaintiff in opposition, and argued that, in any event, proof of service of the claim was not made within a year.[1] The plaintiff filed a surreply with a certified copy of his claim for state benefits filed on February 2, 2007, advice that the claim should have been filed under the LHWCA, and a return receipt that the second claim was received on July 30, 2007. The movers provided no further argument to challenge interruption, and the motions were not withdrawn.

Counsel are urged to communicate with each other more in the future in order to avoid incurring unnecessary expenses for their clients.

New Orleans, Louisiana, this 26th day of January, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[1] In the event Illinois Central intends to continue to challenge the authenticity of the supporting documents, it may want to consider undertaking discovery, as contemplated before the filing of a motion for summary judgment.