UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KELLY BENHAM, SR. | CIVIL ACTION |
| VERSUS | NO. 08-3774 |
| CANADIAN NATIONAL RAILWAY CO., HUNT FOREST PRODUCTS, INC., and GRAND TRUNK WESTERN RAILROAD CO. | SECTION "C" (3) |

**ORDER AND REASONS**[1]

Before the Court is defendant Grand Trunk Western Railroad Company's ("Grand Trunk") Motion to Dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, alleging that this Court lacks personal jurisdiction over it. For the reasons set forth below, Grand Trunk's motion is DENIED.

Plaintiff, Kelly Benham, Sr., filed suit against defendants Canadian National Railway Co., ("Canadian National"), Hunt Forest Products, Inc. ("Hunt Forest") and Grand Trunk for personal injuries allegedly sustained August 4, 2006 while working for Associated Terminals of Baton Rouge, LLC as a forklift operator at its warehouse facility at Port Manchac, Louisiana. Plaintiff alleges that he was loading a railcar with plywood when, suddenly and without warning, the wooden floor of the railcar collapsed, causing him to fall through the floor and resulting in physical injuries to his upper and lower extremities. Plaintiff claims that the defective railcar was owned, operated, and/or under the care, custody and control of Defendants.

---

[1] Kayvon Sarraf, a third-year student at Tulane University Law School, assisted in the preparation of this Order and Reasons.

1

Defendant Grand Trunk argues that this Court lacks personal jurisdiction over it. When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the district court has personal jurisdiction over the defendant. *See* Kevlin Servs., Inc. v. Lexington State Bank, 46 F.3d 13, 14 (5th Cir. 1995). When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, it must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts. Latshaw v. Johnston, 167 F.3d 208, 211 (5th Cir. 1999). A plaintiff satisfies his burden by presenting a *prima facie* case for personal jurisdiction. Id.

A court has personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) the forum state's exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment. *See* Id. Louisiana's long-arm statute extends jurisdiction to the full limits of due process. La. Rev. Stat § 13:3201(B). The exercise of personal jurisdiction over a nonresident defendant satisfies due process when (1) the defendant has purposefully availed itself of the benefits of and protections of the state by establishing "minimum contacts" with that state, and (2) exercising personal jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. Int'l Shoe v. State of Washington, 326 U.S. 310, 316 (1045). That is, the defendant's contacts should be such that it should reasonably anticipate being haled into court in the forum state. World-Wide Volkswagon Corp v. Woodson, 444 U.S. 286, 297 (1980).

This Court has personal jurisdiction over Grand Trunk because it has purposefully availed itself of the privileges of conducting business in Louisiana and exercising personal jurisdiction in this case does not offend traditional notions of fair play and substantial justice.

2

Grand Trunk does not dispute Plaintiff's assertion in the Complaint that Grand Trunk is a Michigan corporation authorized to conduct and conducting business within the State of Louisiana and within this district. This fact on its own is sufficient to fulfill the requirements of personal jurisdiction over the defendant. *See* Hills v. Brinks, Inc., 2008 WL 243944 (E.D.La., Jan. 25, 2008) (Vance, J.). Because this motion comes at the pre-evidentiary stage of the judicial process, Plaintiff satisfies its burden of establishing a *prima facie* case for jurisdiction because its allegations are uncontroverted and must thus be accepted as true. *See* Latshaw, at 211.

Defendant relies on Seatrepid Louisiana LLC v. Richard Phillips Marine, Inc., 2009 WL 1402232 (E.D. La., May 14, 2009) in arguing that Plaintiff lacks personal jurisdiction. The case is easily distinguished from the present case, however, because in it the defendant corporation provided extensive evidence that its only contacts with the state of Louisiana were an initial visit to a display booth at a New Orleans conference, with all subsequent negotiations done via telephone and e-mail. Here, Grand Trunk fails to provide any evidence that it is not authorized to conduct and is not conducting business within the State of Louisiana and within this District.

Accordingly,

IT IS ORDERED that the motion to dismiss pursuant to Rule 12 (b) (2) filed by Grand Trunk is DENIED (Rec Doc 82).[2]

New Orleans, Louisiana, this 28th day of September, 2009.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　HELEN G. BERRIGAN
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[2]The motion originally sought dismissal under Rule 12 (b) (4) and 12 (b) (6) as well. Those portions of the original motion were dismissed as moot.