UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KELLY BENHAM, SR. | CIVIL ACTION |
| VERSUS | NO. 08-3774 |
| CANADIAN NATIONAL RAILWAY CO., HUNT FOREST PRODUCTS, INC., and GRAND TRUNK WESTERN RAILROAD CO. | SECTION "C" (3) |

### ORDER AND REASONS[1]

Before the Court is defendant Grand Trunk Western Railroad Company's ("Grand Trunk") Motion for Reconsideration. (Rec. Doc. 100). Based on the memoranda by the parties, the record in this case and the applicable law, the Court DENIES the motion for the following reasons.

I. BACKGROUND

Plaintiff, Kelly Benham, Sr., filed suit against defendants Canadian National Railway Co., Hunt Forest Products, Inc. and Grand Trunk for personal injuries allegedly sustained August 4, 2006 while working for Associated Terminals of Baton Rouge, LLC as a forklift operator at its warehouse facility in Port Manchac, Louisiana. Plaintiff alleges that he was loading a railcar with plywood when, suddenly and without warning, the wooden floor of the railcar collapsed, causing him to fall through the floor and resulting in physical injuries to his upper and lower extremities. Plaintiff alleges in his complaint that the defective railcar was owned, operated, and/or under the care, custody and control of Grand Trunk.

---

[1] Kayvon Sarraf, a third-year student at Tulane University Law School, assisted in the preparation of this Order and Reasons.

Defendant Grand Trunk moved for dismissal pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, alleging that this Court lacks personal jurisdiction over it. (Rec. Doc. 82) This motion was denied on the grounds that Plaintiff successfully presented a *prima facie* case for personal jurisdiction. (Rec. Doc. 99). Grand Trunk now seeks reconsideration on the grounds the Court incorrectly found that Plaintiff successfully met its burden of presenting a *prima facie* case for personal jurisdiction because it failed to provide any evidence of purposeful minimum contacts within the forum state and that the Court incorrectly shifted the burden to the defendant to disprove the allegations advanced by the plaintiff.

II. LAW AND ANALYSIS

As an initial matter, the Court notes that Grand Trunk does not offer any new legal authority supporting its motion for reconsideration. Rather, it argues that by denying the existence of any jurisdictionally significant purposeful contacts with Louisiana in its Rule 12(b) motion to dismiss, it successfully controverted plaintiff's allegation of personal jurisdiction. (Rec. Doc. 82). When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, it must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts. Latshaw v Johnston, 167 F.3d 208, 211 (5th Cir. 1999). When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the district court has personal jurisdiction over the defendant. See Kevlin Servs., Inc. v. Lexington State Bank, 46 F.3d 13, 14 (5th Cir. 1995). A plaintiff satisfies his burden by presenting a *prima facie* case for personal jurisdiction. Latshaw, 167 F.3d at 211. Grand Trunk argues that by controverting Plaintiff's allegations, Plaintiff failed to satisfy its burden of presenting a *prima facie* case for personal jurisdiction. However, Grand Trunk's original alleged controversion was conclusory and did not

address the allegations of the complaint.

In the second amended complaint, Plaintiff states: "Upon information and belief, Grand Trunk was the owner and/or operator of the railcar involved in Plaintiff's incident, and accordingly, Grand Trunk is liable for Plaintiff's incident and resulting damages." In response, Grand Trunk stated in its Rule 12(b) motion to dismiss, "Grand Trunk lacks the required minimum contacts with Louisiana and cannot be said to have purposefully availed itself of the benefits and protections of Louisiana." It also stated that it is incorporated under the laws of the State of Michigan, maintains its offices in Illinois, and is not a resident or domiciliary of the State of Louisiana (Rec. Doc. 82).

In its motion to dismiss, Grand Trunk did not address the allegations in the second amended complaint that it owned and/or operated the railcar where the alleged injuries took place. Although it now attaches proof with its motion for reconsideration, none of that proof addresses the allegations of the second amended complaint pertaining to the Grand Trunk railcar allegedly involved in Plaintiff's accident. As a result, Plaintiff satisfied its burden of presenting a *prima facie* case for personal jurisdiction. Should discovery provide proof to the contrary, the issue of personal jurisdiction can be revisited at a later date.

Accordingly,

IT IS ORDERED that the motion for reconsideration filed by Grand Trunk is DENIED (Rec. Doc. 100).

New Orleans, Louisiana, this 5th day of January, 2010.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE